# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

IN RE:                                    )
CRIMINAL CASE OPERATIONS                  )
DUE TO COVID-19 RESPONSE                  )

## ORDER

Congress passed and the President signed legislation authorizing the use of video and telephone conferencing for various criminal case events during the COVID-19 emergency. See The CARES Act, H.R. 748. The Judicial Conference of the United States has also found that emergency conditions due to the national emergency declared by the President have affected and will materially affect the functioning of the federal courts generally.

In light of the health concerns recognized by Federal, State and local officials, on March 30, 2020, I exercised my authority under Section 15002(b)(1) of the legislation to authorize the use of video and telephone conferencing for all events listed in that section. The authorization was to remain in effect for 90 days (unless terminated earlier). Pursuant to Section 15002(b)(3), on June 26, 2020, I reviewed the authorization to determine whether it should be extended and thereafter extended the authorization for another 90 days. I reviewed and then extended the authorization again on September 24, 2020, December 23, 2020, March 23, 2021, and June 17, 2021, each time for 90 days.

I have again reviewed the authorization pursuant to Section 15002(b)(3) to determine if it should be extended. The national emergency remains in effect and the Judicial Conference of the United States continues to find that emergency conditions have affected and will materially affect the functioning of the federal courts generally. Further, Federal, State and local health officials continue to advise that gatherings be minimized, and social distancing practiced, particularly with respect to unvaccinated individuals. Accordingly, pursuant to The Cares Act, the March 30, 2020

Order authorizing video and telephone conferencing is extended. This Order authorizes video conferencing (or telephone conferencing if video conferencing is not reasonably available) for all events listed in Section 15002(b)(1) of the legislation; specifically:

a. Detention hearings under section 3142 of title 18, United States Code;

b. Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

c. Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

d. Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

e. Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

f. Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

g. Pretrial release revocation proceedings under section 3148 of title 18, United States Code;

h. Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

i. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

j. Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Pursuant to Section 15002(b)(2), I further find that, under certain circumstances, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this district without seriously jeopardizing public health and safety. As a result, if a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without

2

serious harm to the interests of justice, the judge may use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case. Judges may also use this authority for equivalent events in juvenile cases as described in Section 15002(b)(2)(B).

Pursuant to Section 15002(b)(4) of the legislation, no video conferencing or teleconferencing authorized by this Order may be used without the prior consent of the defendant or juvenile after consultation with counsel.

Pursuant to Section 15002(b)(3) of the legislation, this authorization will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the entry of this order, I will review this authorization and determine whether to extend it.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: September 16, 2021          UNITED STATES DISTRICT COURT

3